**Fill in this information to identify your case:**

Debtor 1    DAYNA                    LYNNE                    BRAZILE
_____
            First Name              Middle Name              Last Name

            CHARLES                  DAVID                    LANGLEY
_____
Debtor 2
(Spouse, if filing)  First Name     Middle Name              Last Name

United States Bankruptcy Court for the:  Western District of Virginia
                                                    (State)

Case number    19-61101
 (If known)

❑ Check if this is an amended
  plan, and list below the
  sections of the plan that have
  been changed.

_____
_____

Official Form 113

# Chapter 13 Plan                                                              **12/17**

---

## Part 1:    Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district.  Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ❑ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ❑ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ❑ Not included |

---

## Part 2:    Plan Payments and Length of Plan

**2.1  Debtor(s) will make regular payments to the trustee as follows**:

$500.00              per month      for  38      months

[and $ _____  per_____   for  _____   months.]  *Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Debtor  DAYNA BRAZILE & CHARLES LANGLEY                                                  Case number  19-61101

**2.2  Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☒ Debtor(s) will make payments pursuant to a payroll deduction order.

❑ Debtor(s) will make payments directly to the trustee.

❑ Other (specify method of payment):_____.

**2.3  Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the plan term.

❑ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

❑ Debtor(s) will treat income tax refunds as follows:

_____

_____

**2.4  Additional payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

❑ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

**2.5  The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $19,000.00.

**Part 3:      Treatment of Secured Claims**

**3.1  Maintenance of payments and cure of default, if any.**

*Check one.*

❑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below.  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow ) | Amount of arrearage  (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Carmax | 2012 Buick | $324.00 <br> Disbursed by: <br> ❑ Trustee <br> ☒ Debtor(s) | $_____ | _____% | $_____ | $_____ |
| _____ | _____ | $_____ <br> Disbursed by: <br> ❑ Trustee <br> ❑ Debtor(s) | $_____ | _____% | $_____ | $_____ |

*Insert additional claims as needed.*

Debtor  DAYNA BRAZILE & CHARLES LANGLEY                                     Case number  19-61101

**3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

❑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a)    payment of the underlying debt determined under nonbankruptcy law, or

(b)    discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Tobey's | $180.00 | Wedding rings | $250.00 | $_____ | $180.00 | 6% | $18.50x10 | $185.00 |
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |

*Insert additional claims as needed.*

**3.3   Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

❑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below were either:

(1)    incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2)    incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below.  Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below.  In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Fast Auto Loans | 2000 VW Passat | $283.00 | 6% | $29.08x10 <br> Disbursed by: <br> ☒ Trustee <br> ❑ Debtor(s) | $291.00 |
| Progressive Leasing | bunkbeds | $205.00 | 6% | $21.07x10 <br> Disbursed by: <br> ☒ Trustee <br> ❑ Debtor(s) | $211.00 |

*Insert additional claims as needed.*

Debtor  DAYNA BRAZILE & CHARLES LANGLEY                                                    Case number  19-61101

### 3.4  Lien avoidance.

*Check one.*

☒  **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

❑  The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | Treatment of remaining secured claim |
|---|---|---|
| **Name of creditor**<br><br>_____<br><br>**Collateral**<br><br>_____<br><br>**Lien identification** (such as judgment date, date of lien recording, book and page number)<br><br>_____<br><br>_____ | a. Amount of lien                                              $_____<br><br>b. Amount of all other liens                          $_____<br><br>c.  Value of claimed exemptions             + $_____<br><br>d. Total of adding lines a, b, and c           $_____<br><br>e.  Value of debtor(s)' interest in property     − $_____<br><br>f.  Subtract line e from line d.                      $_____<br><br><br>Extent of exemption impairment<br>(*Check applicable box*):<br>❑ **Line f is equal to or greater than line a**.<br><br>   The entire lien is avoided. *(Do not complete the next column.)*<br>❑ **Line f is less than line a.**<br><br>   A portion of the lien is avoided. (*Complete the next column.*) | **Amount of secured claim after avoidance** (line a minus line f)<br>$_____<br><br><br>**Interest rate** (if applicable)<br><br> _____ %<br><br><br>**Monthly payment on secured claim**<br>$_____<br><br><br>**Estimated total payments on secured claim**<br>$_____ |

*Insert additional claims as needed.*

### 3.5  Surrender of collateral.

*Check one.*

☒  **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

❑  The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim.  The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

*Insert additional claims as needed.*

Debtor  DAYNA BRAZILE & CHARLES LANGLEY                                              Case number  19-61101

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**4.1  General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments; and during the plan term, they are estimated to total $1900.00.

**4.3  Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $4000.00.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒ The debtor(s) estimate the total amount of other priority claims to be $11,540.00.

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4).  *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

*Insert additional claims as needed.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐   The sum of $_____.

☒    1% of the total amount of these claims, an estimated payment of $873.00.

☐   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

Debtor  DAYNA BRAZILE & CHARLES LANGLEY                                                    Case number  19-61101

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☒ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| Navient – see paragraph 8 | $113.00<br><br>Disbursed by:<br>☐ Trustee<br>☒ Debtor(s) | $_____ | $_____ |
| _____ | $_____<br><br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ | $_____ |

*Insert additional claims as needed.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____% | $_____ |
| _____ | _____ | $_____ | _____% | $_____ |

*Insert additional claims as needed.*

---

**Part 6:    Executory Contracts and Unexpired Leases**

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule.  Arrearage payments will be disbursed by the trustee.  The final column includes only payments disbursed by the trustee rather than by the debtor(s).

Debtor  DAYNA BRAZILE & CHARLES LANGLEY                                            Case number  19-61101

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Wannenburgh | Residential lease | $1300.00<br>Disbursed by:<br>❑ Trustee<br>☒ Debtor(s) | $_____ | _____<br><br>_____ | $_____ |
| _____ | _____ | $_____<br>Disbursed by:<br>❑ Trustee<br>❑ Debtor(s) | $_____ | _____<br><br>_____ | $_____ |

*Insert additional contracts or leases as needed.*

## Part 7:   Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☒  plan confirmation.

❑  entry of discharge.

❑  other:  _____.

## Part 8:   Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**

❑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

**A.**    **Attorney's Fees.**  1. Attorneys Fees noted in Paragraph 4 shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 3.1, 4, and 5 herein, except that attorneys fees shall be paid pro rata with any distribution to domestic support order claimants under paragraph 4.

   2.      The $4000.00 in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:
   (i)      $4000.00:  Fees to be approved, or already approved, by the Court at initial plan confirmation;
   (ii)     $ _____:  Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan [ECF #       : $      ; ECF #      : $        ] ;
   (iii)    $ _____: Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed.

**B.**    **Secured Deficiencies.**  Any unsecured proof of claim for a deficiency which results from the surrender and liquidation of the collateral noted in paragraph 3.5 of this plan must be filed by the earlier of the following dates or such claim will be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan which provides for the surrender of said collateral, or (2) within the time period set for the filing of an unsecured deficiency claim as established by any order granting relief from the automatic say with respect to said collateral.  Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.

**C.**    **Treatment of Claims.**

   •    All creditors must timely file a proof of claim to receive payment from the Trustee.

Debtor  DAYNA BRAZILE & CHARLES LANGLEY                                                    Case number  19-61101

- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.  The Trustee may adjust the monthly disbursement as needed to pay an allowed secured claim in full.

D.      **Adequate Protection Payments.**  The Trustee shall make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3.2 and/or 3.3 of the Plan, in amounts of at least 1% of the fair market value of the secured personal property.

E.      **GSL Payments to Navient.**  Ms. Brazile has begun in an income contingent repayment plan on her guaranteed student loans to Navient, and she desires to remain in that repayment program.  Currently, her monthly payment is $113.00/month.

---

**Part 9:      Signature(s):**

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional.  The attorney for the Debtor(s), if any, must sign below.*

✖ Dayna Lynne Brazile                                         ✖ Charles David Langley
Signature of Debtor 1                                           Signature of Debtor 2

Executed on 5/21/19                                            Executed on 5/21/19
        MM  /  DD  / YYYY                                              MM  /  DD  / YYYY

✖ /s/ Robert Stevens                          Date     5/21/19
Signature of Attorney for Debtor(s)                        MM  /  DD  / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse.  If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

a.   **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*)                            $_____

b.   **Modified secured claims** (*Part 3, Section 3.2 total*)                                                                   $185.00

c.   **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*)                              $502.00

d.   **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*)                $_____

e.   **Fees and priority claims** (*Part 4 total*)                                                                                     $17,440.00

f.   **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*)                        $873.00

g.   **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*)          $_____

h.   **Separately classified unsecured claims** (*Part 5, Section 5.3 total*)                                   $_____

i.    **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)*   $_____

j.    **Nonstandard payments** *(Part 8, total)*                                                                        **+**   $_____

**Total of lines a through j**

$19,000.00

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

**In re:  DAYNA BRAZILE & CHARLES LANGLEY**

**Chapter 13**

**Debtor(s).**                                                    **Case No. 19-61101**

### CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN

I certify that a true and correct copy of the chapter 13 plan or the amended chapter 13 plan and amended plan cover sheet, filed electronically with the Court on **May 22, 2019**, has been mailed by first class mail postage prepaid to all creditors, equity security holders, and other parties in interest, including the United States Trustee, on **May 22, 2019**.

If the plan contains (i) a request under section 522(f) to avoid a lien or other transfer of property exempt under the Code or (ii) a request to determine the amount of a secured claim, the plan must be served on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint.  I certify that a true and correct copy of the chapter 13 plan has been served on the following parties pursuant to Rule 7004:

| Name | Address | Method of Service |
|------|---------|-------------------|
|      |         |                   |

/s/ Robert Stevens
Counsel for Debtor(s)